Sidney Howard
vs.
John Hancock Mutual Life
Insurance Company, App't. } No. 87715.

May 5, 1932.

BAKER, P. J.  Heard without a jury.

This is an action brought to recover the amount due under a life insurance policy. The plaintiff is the beneficiary named in the policy and the former husband of the insured.

The only question raised by the defendant relates to the proof of the death of the insured. On this point the plaintiff relies on the fact that his former wife has been absent and unheard of for about thirteen years. He urges upon the Court the general principle of law as recognized in this State that the fact that a person has been absent from his home and unheard of by his family for a period of seven years raises the presumption of death.

Re Truman R. I. 209;

Re Hackett, 27 R. I. 587.

The effect of a presumption has been discussed by our Court in the case of *Colangelo* vs. *Colangelo*, 46 R. I. 138.

The above cases establishing the law in this State unquestionably follow the general trend of the authorities in most of the jurisdictions. An examination of the cases generally, however, makes it clear that while such a presumption is very commonly recognized, nevertheless the Court in each case makes some examination of the facts and circumstances surrounding the disappearance of the missing person in order to determine whether or not the presumption should be applied. In other words, it would seem that each case depends on its own facts and the reasonable inferences to be drawn therefrom. It is said that such a presumption is one of law and fact mixed and may be rebutted.

Vol. 17 C. J., pp. 1166 & 1167.

A comprehensive general discussion of the law on this point appears in the following case.

*Fuller* vs. *N. Y. Life Ins. Co.*, 199 Fed. 897.

In the case at bar the plaintiff contends that the defendant has produced no clear testimony which could properly be considered as rebutting the presumption in question. The plaintiff argues that his wife merely disappeared under such circumstances as would reasonably justify the inference that she probably is now deceased.

The defendant introduced little direct testimony but relied chiefly on facts elicited from the plaintiff and his former wife's mother in cross-examination. It urges that on the whole the evidence shows that the insured desired to leave her husband, the plaintiff, and that this accounts reasonably for her disappearance and that the presumption of death should not be invoked.

The facts in the case show that the insured, who had two children before she married the plaintiff, lived in Pawtucket and Central Falls with her mother. The plaintiff was a soldier in the World War and returned from abroad late in the year 1918. He came to Pawtucket to visit his wife and her mother and lived with them for several days. He claims that the relations between them were harmonious and that no trouble of any kind occurred. In order to be released from the service, it was necessary for him to return to Canada and this he did in the latter part of 1918 or early in 1919. He returned to Pawtucket about February, 1919, but in the meantime his wife, the insured, had left.

The evidence of the insured's mother tends to show that the former went away from Pawtucket without warning to anyone. A few weeks later she was heard from in New York and soon thereafter a postcard from some small place in Pennsylvania was received.

Not long after this, she was seen in New York by a friend, but since that time nothing has been seen of her nor has she communicated with her family.

While the search made by the plaintiff and his former wife's mother, for the insured, was not as complete as the Court might desire, nevertheless it would seem that reasonable attempts were made to locate her, considering the station in life of the parties involved and the resources they had to work with. The evidence shows that one of the family went to New York and made some investigation, that advertisements were put in the newspaper, and that several years thereafter a broadcast was made over the radio.

The defendant urges very strenuously that a reasonable inference can be drawn from the testimony that the plaintiff and his said wife did not get along well and that the wife had been leading a somewhat irregular life during the plaintiff's absence, and that her leaving Pawtucket was due to a desire to separate from her husband.

While the evidence on this point is not very clear and convincing, there is, nevertheless, some basis for an argument on this issue. The plaintiff himself was not a very satisfactory witness. He was somewhat evasive in his answers. The insured's mother, however, made a good impression on the Court. The plaintiff did institute divorce proceedings sometime after his wife had gone away and one of the grounds alleged in a petition filed by him was gross misbehavior. There is also some indirect evidence relating to statements made by the Pawtucket police.

On the other hand, there is no direct, conclusive evidence that the husband and wife had ever had any difficulty. Several of the cases cited by the defendant in which recovery has been refused are cases in which clearly the person leaving has done so for an ob-

vious purpose. For example, in re *Talbot*, 250 Mass. 517, the man, who had been very unhappy at home, left with another woman, and obviously would not want his whereabouts known. In the case of *Equitable Life Assurance Society* vs. *Sieg*, 53 Fed. (2nd) 318, the person who disappeared was a defaulter and the Court said that under the circumstances of that case a presumption of death was not created and therefore did not have to be rebutted.

It seems to the Court that the facts in the case before it are not as clear or conclusive as in these cases referred to by the defendant. In the case at bar there is no indication that the insured left Pawtucket with any other man, nor is any claim made that the authorities desired her presence.

As balanced against the inference which the defendant makes, that the insured left Pawtucket in order to separate from her husband and would not be likely to communicate with her former home there, is what appears to the Court to be the reasonable argument that if she were living she would have been apt to get in touch with her own mother and with her own children at some time during the succeeding thirteen years. This contention appeals rather strongly to the Court. While not, of course, conclusive, it would seem reasonable to expect that affection for her own mother and her own children would lead her to at least attempt to find out something about their condition, if she were still living.

On the whole, after giving the matter careful consideration, the Court is of the opinion that the plaintiff has sustained the burden of showing that the presumption of death applies in this case and that the evidence elicited by the defendant is not conclusive enough to rebut that presumption.

The defendant also argues that the plaintiff did not make satisfactory proof of death within a reasonable time. On this point, of course, the plaintiff is relying upon the presumption of death due to an unexplained absence and obviously had to wait for the seven-year period to expire before he could take any steps. Further, it does appear in evidence that for several years past the defendant has known of the pendency of this claim. The insured's death could not be proved in the usual way and the Court is of the opinion that the defendant's contention in this connection is not tenable.

The Court gives decision for the plaintiff for the face of the policy, $450.

For plaintiff: Henry E. Crowe.

For defendant: George Hurley, Moriarty, Connley.